UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| MAAX SPAS INDUSTRIES CORP., | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-02152 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| FUN HOME & LEISURE, INC. d/b/a | ) | [Re: Motion at Docket 15] |
| FUN CITY POOLS, and STEPHEN | ) | |
| R. HAROLD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 15, plaintiff MAAX Spas Industries Corp. ("MAAX") moves pursuant to
Federal Rule 54(d)(2) and Local Rule 54.2 for an award of attorneys' fees.  The motion
is unopposed.

## II.  BACKGROUND

This lawsuit arose out of a sales agreement between MAAX and defendant Fun
Home & Leisure d/b/a Fun City Pools ("Fun City").  Under the terms of the sales
agreement, Fun City agreed to purchase spa products from MAAX.  Under a separate
credit agreement, Stephen R. Harold ("Harold") assumed personal liability for any
payments owed MAAX by Fun City.  MAAX delivered $166,806.23 worth of spa

products to Fun City pursuant to the sales agreement and was never paid.  On October 7, 2010, MAAX filed a complaint asserting claims against Fun City and Harold for breach of contract and unjust enrichment.  On December 27, 2010, default judgment was entered against Fun City and Harold in the amount of $166,806.23.[1]

### III.  DISCUSSION

Under Arizona Revised Statute § 12-341.01, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."[2]  MAAX is entitled to a fee award because its claims against Fun City and Harold arose out of a contract and because it obtained default judgment against defendants.  MAAX seeks an award in the amount of $6,325.13.

"Fee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours spent in advancing the successful claims."[3]  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[4]  A district court may then adjust this "presumptively reasonable lodestar figure"[5] based on the factors adopted in *Kerr v. Screen Extras Guild*[6]:

---

[1]Doc. 11.

[2]A.R.S. § 12-341.01(A).

[3]*Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989).

[4]*Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 564 (1986) (internal quotations omitted).

[5]*Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir. 1993).

[6]526 F.2d 67, 70 (9th Cir. 1975).

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client of the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[7]

The court "should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate."[8]

The present case required that MAAX's attorneys draft and file a complaint, research and apply for entry of default judgment, and write a motion for attorneys' fees. Having reviewed MAAX's filings, the court concludes that compensation for twenty hours is reasonable.

The attorneys representing MAAX charged $260, $370, and $395 per hour.[9] Paralegals assigned to the case were billed at $180 and $215 per hour.[10]  The case involved run-of-the-mill breach of contract and unjust enrichment claims.  The court concludes that $300 per hour is a reasonable, generalized figure.

Twenty hours at $300 per hour would put the presumptively reasonable lodestar figure at $6000.  MAAX's request for $6,325.13 represents slightly more than twenty hours at the varying rates described above.  The court has reviewed the memorandum

---

[7]*Id.*; see also LRCiv. 54.2(c)(3) (listing the same factors).

[8]*Delaware Valley*, 478 U.S. at 564 (internal quotations omitted).

[9]Doc. 19, ¶¶ 8–10.  One attorney's hourly rate went up, from $385 in 2010 to $395 in 2011.  *Id.* ¶ 8.

[10]*Id.* ¶¶ 11,12.

and documents supporting MAAX's motion and concludes that the experience of the attorneys involved and the nature of the relationship between MAAX and the attorneys' law firm justifies a slight upward departure from the lodestar figure.  The requested amount is therefore reasonable.

### IV.  CONCLUSION

For the reasons above, plaintiff's motion at docket 15 for an award of attorneys' fees is **GRANTED**.  Defendants are jointly and severally responsible to, and shall, pay the sum of $6,325.13 to plaintiffs.

DATED this 9th day of March 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE